United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60729
Summary Calendar

_____

DESMOND EARL PHILLIPS,

Plaintiff-Appellant,

versus

F.D. EAST, Etc; ET AL.,

Defendants,

BUDDY ROY, Jail Administrator;
GERALD CLEMONS, Deputy Jailer; ROY WHITE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:99-CV-171-D
--------------------

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges

PER CURIAM:[*]

Desmond Earl Phillips, Mississippi inmate # 35002,
proceeding pro se and in forma pauperis ("IFP"), appeals the
district court's grant of judgment as a matter of law pursuant to
FED. R. CIV. P. 50 in favor of the defendants, setting aside the
jury's verdict on his 42 U.S.C. § 1983 claims. Phillips was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

confined in administrative segregation in the Lafayette County Detention Center from the evening of November 9, 1999, until the morning of November 12, 1999, after he was found to be in possession of contraband. Phillips was suffering from an upper respiratory tract infection. He was clothed in the prison-issued pants, short-sleeved shirt, pullover jail top, and shower shoes. Phillips produced evidence that he was denied a mattress, a blanket, and toilet paper.

The defendants moved for judgment as a matter of law at the close of the evidence. The district court denied the motion. The jury rendered a verdict awarding Phillips $500 in compensatory damages and $1,500 in punitive damages against each of the three appellants.

The defendants filed a timely post-verdict motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50 (b). The district court granted the motion, explaining that Phillips did not prove that the conditions of confinement resulted in a serious deprivation of his basic human needs.

Phillips contends without merit that the district court had no evidentiary basis upon which to grant judgment as a matter of law because the defendants did not present additional evidence after the district court denied the initial motion. See e.g. PPM America, Inc. v. Marriot Corp., 874 F. Supp. 289 (D.C. Md. 1995).

Phillips also asserts that the district court lacked jurisdiction to enter a superseding order that granted the

defendants' motion for judgment as a matter of law. The district court retained jurisdiction to "take action in aid of the appeal." Winchester v. U.S. Attorney, 68 F.3d 947, 949 (5th Cir. 1995). Thus, the superseding order was proper.

In addition, Phillips contends that the jury was instructed in accordance with the law, and the evidence supported the verdict. He argues that the district court erred by setting aside the jury's verdict.

We review de novo the grant of a judgment as a matter of law. Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036, 1042 (5th Cir. 1998). We consider evidentiary matters drawing "all reasonable inferences in the light most favorable to the non-moving party." Hidden Oaks Ltd., 138 F.3d at 1042. Judgment as a matter of law is granted properly when "`a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 149 (2000).

"The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide 'humane conditions of confinement,' ensuring that 'inmates receive adequate food, clothing, shelter, and medical care.'" Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 1999). To establish an Eighth Amendment violation, a prisoner must demonstrate that the deprivation was "objectively, sufficiently serious"; that is,

"the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 352 (internal quotations and citations omitted). In addition, the prison official must have acted with "deliberate indifference to inmate health or safety." Id. (internal quotations and citations omitted).

The denial for two and one-half days of a mattress, a blanket, and toilet paper, without more, to an inmate with a cold confined indoors does not constitute a deprivation of the minimal civilized measures of life's necessities. Cf. Palmer, 193 F.3d at 352; Novak v. Beto, 453 F.2d 661, 665-66 (5th Cir. 1971). Although the conditions of Phillips' confinement were uncomfortable and even harsh, the conditions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment. Palmer, 193 F.3d at 351-52. The denial of a blanket and a mattress was pursuant to a prison regulation denying bedding to inmates in isolation in order to prevent the higher risk of inmate suicide, a legitimate penological interest. Even prison regulations that infringe a prisoners constitutional rights are upheld if they are reasonably related to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261 (1987); Talib v. Gilley, 138 F.3d 211 (5th Cir. 1998). Accordingly, the district court's order granting judgment as a matter of law is AFFIRMED.